UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOWARD SANFORD WILLIAMS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-1702-B |
| | § | (NO. 3:20-CR-638-B) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Howard Sanford Williams's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

### I.   BACKGROUND

On December 29, 2020, Movant was named in a one-count indictment charging him with sex trafficking of a child, in violation of 18 U.S.C. § 1591(a)(1) & (b)(2). *United States v. Williams*, No. 3:20-CR-638-B, Crim. Doc. 1. Movant entered a plea of not guilty. Crim. Doc. 12. He was convicted by a jury, Crim. Doc. 55, and sentenced to a term of imprisonment of 360 months. Crim. Doc. 83.

Movant appealed. Crim. Doc. 86. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that he had not found any nonfrivolous issues for appeal. *United States v. Williams*, No. 22-10316, Doc. 20. The brief noted that Movant was "apprised in sufficient manner of the offense charged against him" because the indictment charged that he had acted knowingly or in reckless disregard of the victim's age and that Movant "had a reasonable opportunity to observe [the victim]." *Id.* at 8 & n.2. The United States Court

of Appeals for the Fifth Circuit denied counsel's motion to withdraw and directed him to file a brief addressing a different issue. *Id.*, Doc. 38. The brief was filed, *id.*, Doc. 39, and the Fifth Circuit affirmed the conviction and sentence. *United States v. Williams*, 83 F.4th 994 (5th Cir. 2023).

## II.   GROUND OF THE MOTION

Movant asserts one ground in support of his motion, alleging that he received ineffective assistance because his counsel should have raised a constructive amendment challenge to the jury instructions. Doc. 1; Doc. 2.

## II.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345

(1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    B.  **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.    ANALYSIS

Movant's motion is based on a fundamental misunderstanding or misreading of the *Anders* brief. Counsel pointed out that, unlike the situation in *United States v. Roberts*, No. 17-15002 (11th Cir. 2019), the jury instruction in this case tracked the language of the indictment. Consequently, there was no constructive amendment challenge to be made. *Williams*, No. 22-10316, Doc. 20 at 8, n.2. *See also United States v. Phea*, 953 F.3d 838, 842 (5th Cir. 2020) (explaining when a constructive amendment of an indictment occurs). The Fifth Circuit obviously recognized this to be the case as it had counsel brief a different issue despite Movant's letter urging that he wished to pursue it. *Williams*, No. 22-10316, Doc. 24.

To prove a violation of 18 U.S.C. § 1591(a), the government "need not prove any *mens rea* with regard to the defendant's awareness of the victim's age if the defendant had a reasonable opportunity to observe the victim." *United States v. Copeland*, 820 F.3d 809, 813 (5th Cir. 2016) (citation omitted). Here, the indictment alleged that Movant "had a reasonable opportunity to observe Jane Doe 1." Crim. Doc. 1 at 1. The Court gave the pattern jury instruction that if the government proved beyond a reasonable doubt that Movant had a reasonable opportunity to observe the victim, then it did not have to prove that Movant knew that she had not attained the age of 18. Crim. Doc. 93 at 178. Counsel did not provide ineffective assistance in failing to raise a meritless objection. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Thus, he cannot have provided ineffective assistance on appeal either. *See United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999) (a decision to omit an argument on appeal rises to ineffectiveness only when directly controlling authority reveals that the argument would likely have been successful); *Rumfield v. United States*, No. 3:18-CV-3235-B-BK, 2020 WL 1479770, at *3 (N.D. Tex. Feb. 4, 2020), *rec. accepted*, 2020 WL

1557899 (N.D. Tex. Apr. 1, 2020) (movant could not show ineffectiveness of appellate counsel because there were no nonfrivolous issues for appeal).

## V. CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 29th day of August, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE